AO 91 (Rev. 6/95) Criminal Complaint

# United States District Court

**E-FILED**
Tuesday, 18 September, 2007 03:46:42 PM
Clerk, U.S. District Court, ILCD

_____CENTRAL_____ **DISTRICT OF** ____ILLINOIS____

**FILED**

SEP 1 8 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **CRIMINAL COMPLAINT** |
| FRANK STEPHENSON | CASE NUMBER: |
| | 07-3043-m |

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  August 2, 2006  in  Sangamon  County, in the Central District of Illinois, defendant(s) did, (Track Statutory Language of Offense)

knowingly distribute cocaine base (crack)

in violation of  21  United States Code, Section(s)  841(a)(1)

I further state that I am a(n)  ISP Inspector  and that this complaint is
                              Name
based on the following facts:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:        Yes        No ⌐

s/ James A. Stewart

James A. Stewart
_____
Name of Complainant

Sworn to before me and subscribed in my presence,

September 18, 2007    2:30 pm        at    Springfield, IL
_____            _____
Date                                        City and State

Byron G. Cudmore
U.S. Magistrate Judge
_____
Name & Title of Judicial Officer

s/ James A. Stewart
_____
Signature of Complainant

s/ Byron G. Cudmore
_____
Signature of Judicial Officer

STATE OF ILLINOIS           )
                            )   SS
COUNTY OF SANGAMON          )

### AFFIDAVIT

James A. Stewart, being first duly sworn, hereby depose and state:

1. Your affiant is a police officer with the Springfield Police department. I have been a police officer for more than eight years. I am presently assigned to the Illinois State Police Central Illinois Enforcement Group (CIEG), holding the rank of Inspector. I have been assigned to CEIG since April, 2006. CIEG is a multi-jurisdictional drug investigative task force. I have received specialized training and experience in the field of narcotics investigation. I am familiar with the investigation of drug crimes and the methods employed by those involved in committing drug crimes.

2. This affidavit is made in support of an application for a complaint charging Frank Stephenson with distribution of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). A warrant for Frank Stephenson is requested.

3. I am familiar with the following facts based upon my own personal investigation, the investigation of other law enforcement officers, or information officially furnished to me by other law enforcement officers, witnesses, or confidential sources. The confidential Source (CS) referred to in this affidavit, who made the controlled purchases on 07/12/06, 07/31/06, and 08/02/06 had pending charges for burglary in Sangamon County, Illinois, and was cooperating with agents in the hope of receiving some type of consideration related to the CS's charges.

4. In July 2006, agents were informed by the CS that Frank Stephenson was selling crack cocaine in Springfield, Illinois. Agents made a total of three controlled purchases of cocaine and crack cocaine from Stephenson in Springfield, Illinois.

5. On 07/12/06, agents met with the CS, who advised that the CS had already spoken with Stephenson, and Stephenson was willing to sell the CS approximately an "eight ball" (street slang for an eighth of an ounce) of cocaine for $160.00. The CS was searched by agents for contraband with negative results. The CS was provided with $160.00 pre-recorded U.S.C./O.A.F. At approximately 4:45 p.m., Insp. Nation drove the CS to 9th and Carpenter Streets, in Springfield. The CS exited Insp. Nation's vehicle and walked directly into the parking lot at 600 N. 9th Street. Agents observed that Stephenson was already waiting in the lot, seated inside his vehicle, a 2005 Chevy Impala (IL reg 8666067). At 4:49 p.m., the CS was observed by agents walking up to the

driver's side door of Stephenson's vehicle and making a hand to hand transaction with Stephenson.

6.  At approximately 4:50 p.m., agents observed the CS as the CS walked west out of the parking lot, across 9th Street, and enter Insp. Nation's vehicle. The CS was driven by Insp. Nation back to a pre-arranged location. The CS provided Insp. Stewart with a plastic bag containing a whitish powder-like substance, which the CS reported purchasing from Stephenson. This exhibit was later submitted to the Illinois State Police Forensic Science Laboratory for analysis and determined to be 2.8 grams of cocaine.

7.  On 07/31/06, agents met with the CS, who in the presence of agents phoned Stephenson at approximately 1:55 p.m. This call met with negative results. At approximately 1:57 p.m., the CS received a phone call from Stephenson.  The CS ordered two "eight balls" of cocaine, one powder and one crack, from Stephenson.  The calls were recorded.

8.  The CS was thereafter searched by Insp. Stewart for contraband with negative results and provided with a digital audio/video recorder.  The CS was provided with $260.00 pre -recorded U.S.C./O.A.F. At approximately 2:01 p.m., Sgt. Trame drove the CS to 600 N. 9th Street, Springfield. At approximately 2:20 p.m., Stephenson arrived in his 2005 Chevy Impala (Il REG 8666067), with an unknown black male passenger. The CS met with Stephenson in the parking lot, and the two walked inside the business together. At approximately 2:21 p.m., the CS walked out of the business directly to Sgt. Trame's vehicle. Sgt. Trame drove the CS to a pre-arranged location. The CS provided Insp. Stewart with a plastic bag containing what was later determined through forensic analysis to be 2.7 grams of cocaine and 2.6 grams of cocaine base.

9.  Agents later reviewed the digital audio recording of the meeting between the CS and Stephenson on 07/31/06.  On the video, agents could see the CS and Stephenson, identified by agents, enter the business, and discuss the transaction. Agents could also hear the CS and Stephenson discussing the cost of the crack cocaine.

10.  On 08/02/06, prior to meeting with agents, the CS advised that he had ordered a "quad" (meaning quarter ounce) of crack cocaine from Stephenson. Agents met with the CS, who in the presence of agents phoned Stephenson at approximately 3:10 p.m. Stephenson advised the CS he would be leaving to meet with the CS at 3:30 p.m. At approximately 3:25 p.m., the CS phoned Stephenson. Stephenson advised he was near Macarthur Street and South Grand Avenue. Both of these calls were recorded.

11.  The CS was searched by Insp. Stewart for contraband with negative results and provided with a digital audio/video recorder. The CS was provided with $260.00 pre -recorded U.S.C./O.A.F. At approximately 3:27 p.m., Sgt. Trame drove the CS to 600 N. 9th Street, Springfield. At approximately 3:39 p.m., an agent observed Stephenson

arrive in his 2005 Chevy Impala  (IL Reg. 8666067), with an unknown black male front seat passenger and a person known as Jerry Pirtle as a back seat passenger. Agents observed the CS meet with Stephenson in the parking lot, and the two walked inside the business together. At approximately 3:40 p.m., the CS walked out of the business directly to Sgt. Trame's vehicle. Sgt. Trame drove the CS to a pre-arranged location. At this location, the CS provided Insp. Stewart with a plastic bag containing what was later determined through forensic analysis to be 5.4 grams of cocaine base. The substance was rock-like and consistent with crack cocaine.

12.  Agents later reviewed the digital audio recording of the meeting between the CS and Stephenson on 08/02/06. On the video, agents could see the CS and Stephenson, identified by agents, enter the business and meet inside. The video did not reveal that the CS had met with anyone other than Stephenson..

s/ James A. Stewart

James A. Stewart
ISP Inspector

Subscribed and sworn to before me
Sept. 18, 2007

s/ Byron G. Cudmore

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE